## CROW v. UNITED STATES.
### No. 13298.

United States Court of Appeals
Ninth Circuit.
April 13, 1953.

Seth M. Hufstedler, Los Angeles, Cal., and John R. McDonough, Jr., San Francisco, Cal., for appellant.

Walter S. Binns, U. S. Atty., Ray H. Kinnison, Asst. U. S. Atty., and Chief Criminal Division, James K. Mitsumori, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before MATHEWS, STEPHENS and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

On February 4, 1948, in the United States District Court for the Southern District of California, appellant, Thomas Russell Crow, was indicted for violating 18 U.S. C.A., 1946 Edition, § 408, on or about June 9, 1947, by transporting a motor vehicle from Houston, Texas, to Los Angeles, California, knowing it to have been stolen. On March 10, 1948, in the United States District Court for the District of Nebraska, appellant was charged by information with violating 18 U.S.C.A., 1946 Edition, § 408, on or about October 17, 1947, by transporting a motor vehicle from Omaha, Nebraska, to Fayetteville, Arkansas, knowing it to have been stolen. The information was filed pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. The case thus commenced in the District of Nebraska was transferred to the Southern District of California on March 29, 1948, pursuant to Rule 20 of the Federal Rules of Criminal Procedure. On April 5, 1948, in the United States District Court for the Southern District of California, hereafter called the District Court, appellant pleaded guilty to the indictment and

pleaded guilty to the information. On April 20, 1948, the District Court entered a judgment sentencing appellant to be imprisoned for five years on the information and entered a judgment sentencing him to be imprisoned for one year on the indictment, the one-year sentence "to begin and run at the expiration of the service of" the five-year sentence.

On January 9, 1950, appellant moved the District Court to vacate and set aside the one-year sentence—a motion based on 28 U.S.C.A. § 2255. That motion was denied on January 23, 1950. The order denying it was affirmed on December 20, 1950.[1]

On September 21, 1951, appellant, by his attorney, Seth M. Hufstedler, moved the District Court to set aside the judgment imposing the one-year sentence and permit him to withdraw his plea of guilty to the indictment[2]—a motion based on Rule 32(d) of the Federal Rules of Criminal Procedure. That motion was denied on December 8, 1951. The order denying it was entered on December 11, 1951.[3] Appellant, by his attorney, took an appeal from the order by filing a notice of appeal[4] on December 26, 1951—15 days after entry of the order.

Rule 37(a) (2) of the Federal Rules of Criminal Procedure provides: "An appeal by a defendant may be taken within 10 days after entry of the judgment or order appealed from,[5] * * *." Hence the period within which appellant might have taken a valid appeal from the order here appealed from was 10 days after

entry of the order, which is to say, 10 days after December 11, 1951.

Rule 45(a) of the Federal Rules of Criminal Procedure provides: "In computing any period of time the day of the act or event after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday. When a period of time prescribed or allowed is less than 7 days, intermediate Sundays and holidays shall be excluded in the computation. A half holiday shall be considered as other days and not as a holiday." So computed, the 10-day period within which appellant might have taken a valid appeal from the order here appealed from expired on Friday, December 21, 1951—five days before his appeal was taken.

Appellant was in the United States penitentiary at Leavenworth, Kansas, when the order was entered and at all pertinent times thereafter. However, as indicated above, he was represented by an attorney. His attorney resided at Los Angles, California, where the District Court was held. Hence the fact that appellant was in the penitentiary is unimportant.[6]

The notice required by Rule 49(c) of the Federal Rules of Criminal Procedure[7] was mailed to appellant's attorney by the clerk of the District Court on December 11, 1951—the day on which the order was entered—and the mailing was noted in the

1. Crow v. United States, 9 Cir., 186 F.2d 704.

2. The motion of September 21, 1951, is in the supplemental record filed here on March 27, 1953.

3. This appears from the supplemental record.

4. The notice of appeal is in the supplemental record. The notice states incorrectly that the order appealed from was entered on December 8, 1951. Actually, as shown by the supplemental record, the order was entered on December 11, 1951.

5. This provision of Rule 37(a) (2) is the only pertinent provision thereof.

6. Cf. Remine v. United States, 6 Cir., 161 F.2d 1020; Carter v. United States, 10 Cir., 168 F.2d 310; Oddo v. United States, 2 Cir., 171 F.2d 854; Wallace v. United States, 8 Cir., 174 F.2d 112, wherein appeals were taken by prisoners not represented by attorneys. As to whether the Remine, Carter, Oddo and Wallace cases were correctly decided, we express no opinion.

7. Rule 49(c) provides: "Immediately upon the entry of an order made on a written motion subsequent to arraignment the clerk shall mail to each party affected thereby a notice thereof and shall make a note in the docket of the mailing."

docket on that day.[8] The mailing of the notice to appellant's attorney constituted service thereof on appellant,[9] Service of the notice was complete upon the mailing thereof,[10] which is to say, it was complete on December 11, 1951.

■ Appellant's attorney did not receive the notice until December 12, 1951.[11] However, in computing the 10-day period within which appellant might have taken a valid appeal from the order, December 12, 1951, was not excludible; for the Rules of Criminal Procedure do not authorize or provide for any such exclusion; and even if (contrary to our view) December 12, 1951, was excludible, the 10-day period expired on Saturday December 22, 1951—four days before appellant's appeal was taken.[12]

■ Appellant contends that where, as here, notice of the order appealed from is served by mail, the 10-day period prescribed in Rule 37(a) (2) is enlarged to 13 days by Rule 45(e) of the Federal Rules of Criminal Procedure.[13] There is no merit in this contention; for the 10-day period prescribed in Rule 37(a)(2) is not a period of 10 days "after the service of a notice or other paper," but is a period of 10 days "after entry of the judgment or order appealed from." However, in this case, even if (contrary to our view) the 10-day period was enlarged to 13 days, it expired on Monday, December 24, 1951—two days before appellant's appeal was taken.[14]

■ Actually, as we have heretofore stated, the period within which appellant might have taken a valid appeal from the order here appealed from expired on Friday, December 21, 1951—five days before his appeal was taken. Since his appeal was not taken within that period, we have no jurisdiction of it.[15]

Appeal dismissed.

8. This appears from the supplemental record.

9. Rule 49(b) of the Federal Rules of Criminal Procedure provides: "Whenever under these rules or by an order of the court service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made in the manner provided in civil actions." Rule 5(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. provides: " * * * Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of the court. * * * Service by mail is complete upon mailing."

10. See footnote 9.

11. This appears from an affidavit of appellant's attorney attached to a brief entitled "Appellant's second supplemental memorandum," filed here on March 17, 1953.

12. Saturday, December 22, 1951, was not a legal holiday, within the meaning of Rule 45(a), supra.

13. Rule 45(e) provides: "Whenever a party has the right or is required to do an act within a prescribed period after the service of a notice or other paper upon him and the notice or other paper is served upon him by mail, 3 days shall be added to the prescribed period."

14. Monday, December 24, 1951, was not a legal holiday, within the meaning of Rule 45(a), supra.

15. United States v. Bloom, 2 Cir., 164 F. 2d 556; United States v. Froelich, 2 Cir., 166 F.2d 84; Swihart v. United States, 10 Cir., 169 F.2d 808.