**Chester BANKS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 14542.**

United States Court of Appeals
Ninth Circuit.

Jan. 18, 1957.

Chester Banks in pro per.

Charles P. Moriarty, U. S. Atty., Edward J. McCormick, Jr., Asst. U. S. Atty., Seattle, Wash., for appellee.

Before BONE, CHAMBERS and HAMLEY, Circuit Judges.

BONE, Circuit Judge.

In a four count indictment, Chester Banks was charged with violations of narcotics laws, in particular 26 U.S.C.A. § 2554(a) and 21 U.S.C.A. § 174. The trial jury, on April 28, 1954, returned a verdict of guilty on all four counts. The order of judgment and sentence was filed on June 4, 1954, and was entered on the criminal docket June 5, 1954.

Banks' notice of appeal was served on Government counsel on June 7, 1954. However, it was not filed with the clerk of the district court until September 2, 1954. This delay in filing the notice of appeal in the district court was due to the fact that Banks did not pay the required filing fee until that date. His attorney at the time of trial and the clerk of the district court informed Banks of the necessity of paying the fee. The trial judge, in an order filed October 27, 1954, expressly stated that the delay in filing notice of appeal was not due to any neglect by his attorney at the time.

Federal Rules of Criminal Procedure, Rule 37(a) (1), 18 U.S.C.A. provides that "An appeal permitted by law from a district court to the Supreme Court or to a court of appeals is taken by filing with the clerk of the district court a notice of appeal * * *." Rule 37(a) (2) provides that "An appeal by a defendant may be taken within 10 days after entry of the judgment or order appealed from * * *." Banks' notice of appeal was not filed until nearly 90 days following the entry of judgment. Since the notice of appeal was not timely filed, this Court is without jurisdiction to entertain this appeal, and it must be dismissed. Crow v. United States, 9 Cir., 1953, 203 F.2d 670, 672, and cases there cited.

This is not the first time that Banks has been before this Court. An extensive file has accumulated containing Banks' many motions, petitions, and applications. This Court has entered numerous orders making disposition of these documents. A check through the file indicates no less than 16 motions, petitions and applications of one sort or another have been presented to this Court. (The correspondence of Banks has not been included in this count.)

Banks is no longer represented by counsel, and his instant "appeal" was prepared by him. He states that he is not trained in the law. But he is fully aware that this Court has stated in three previous orders that no proper appeal was ever taken from the same judgment from which he here attempts to appeal. See Banks v. United States, 1954, 218 F.2d 640, where this Court stated: "No appeal was taken from the judgment under which appellant was convicted * * *." Again in Banks v. United States of America, Misc. No. 413, January 31, 1955, this Court stated, "He [Banks] filed no notice of appeal until three months after the entry of judgment." As a result, this Court dismissed his motions for appointment of counsel, permission to proceed forma pauperis and on typewritten briefs, and for extension of time to perfect appeal. In the Matter of Chester Banks, No. 14,542, March 21, 1955, this Court again ordered dismissed a motion for appointment of counsel, saying in part, " * * * no

appeal was taken in the proceeding for which he wants counsel."

In the face of this record he persists in filing the documents now before us which he calls his "appeal." These documents do not include a reporter's transcript of the trial proceedings. Our denial of relief on this latest "record" is not based on his ineptness in procedural law, or his lack of familiarity with the orthodox methods of presenting an appeal. The short of it is that Banks invokes a jurisdiction which this Court wholly lacks. Furthermore, the questions presented by Banks could not possibly be answered by recourse to the confusing mass of documents he submits.

The attempted appeal is dismissed.