141 F.3d 1182
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Daniel STEWARD, Defendant-Appellant.
 No. 97-10048.
D.C. No. CR 93-00409-1-LKK.
 United States Court of Appeals, Ninth Circuit.
 Decided March 13, 1998.
Argued and Submitted February 9, 1998.
As Amended April 8, 1998.
 
 Appeal from the United States District Court for the Eastern District of California Lawrence K. Karlton, Chief District Judge, Presiding.
 Before GOODWIN, KOZINSKI and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Daniel Steward appeals the district court's order to pay restitution. He argues that the district court expressly found that he was unable to pay and then ordered restitution. While Steward's counsel, Mr. Jeff Rue from the McGeorge School of Law, skillfully argued his case, we find the notice of appeal untimely and must dismiss for lack of jurisdiction.
 
 
 3
 Steward previously appealed from his conviction for making false statements to the Farmers Home Administration. We affirmed Count III of his conviction in a memorandum disposition, and remanded the case for resentencing regarding the loss attributable to Count III.
 
 
 4
 On remand, the district court ordered restitution in an oral decision announced on November 19, 1996. The district court reduced the order to a written judgment entered on December 3, 1996. On December 17, 1996, Steward moved to correct the judgment, pursuant to Fed.R.Crim.P. 35(c). The district court denied the Rule 35(c) motion on January 9, 1997, and on January 17, 1997 Steward filed his notice of appeal.
 
 
 5
 Federal Rule of Appellate Procedure 4(b) requires a criminal defendant to file his notice of appeal within ten days of the judgment. Compliance with this requirement is jurisdictional. United States v. Eccles, 850 F.2d 1357, 1363 (9th Cir.1988). The Tenth Circuit has held, however, that "a timely Rule 35(c) motion delays the running of the time fixed for taking an appeal until the district court disposes of the motion." United States v. Corey, 999 F.2d 493, 496 (10th Cir.1993). A Rule 35(c) motion is timely when filed within seven days of the "imposition of sentence."
 
 
 6
 Although uncertainty exists as to whether the oral pronouncement of sentence or the formal entry of judgment starts the seven-day time period, Steward did not file his Rule 35(c) motion on time in either case. Excepting weekends and holidays, ten days elapsed from the formal entry of judgment before Steward filed the motion. Steward argues that we should add three days to the seven-day time period because he received notice of the entry of judgment by mail. See Fed.R.Crim.P. 45(e). This court has held, however, that Rule 45(e) does not apply in such cases. Crow v. United States, 203 F.2d 670, 672 (9th Cir.1953). See also Haroutunian v. INS, 87 F.3d 374, 377 (9th Cir.1996). Accordingly, even if we were to apply the Tenth Circuit rule, the Rule 35(c) motion was not timely nor was the appeal.
 
 
 7
 Steward also contends that we should convert this appeal into a habeas petition based on ineffective assistance of counsel. We decline to do so. Steward has already initiated a habeas petition in district court. The proper course is for the district court to develop the record and rule on the petition. If Steward disagrees with the district court, he is free to appeal at that time. We dismiss this appeal for lack of jurisdiction.
 
 
 8
 APPEAL DISMISSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3