[Civ. No. 5085.   Fourth Dist.   Nov. 17, 1955.]

JOHN CALDWELL et al., Respondents, v. FRANK
JOSEPH GELDREICH et al., Appellants.

John L. Roberts for Appellants.

Harmon C. Brown for Respondents.

GRIFFIN, J.—Plaintiff and respondent John Caldwell, invidually and as guardian for his minor son Johnnie Leroy Caldwell, brought this action against defendants and appellants for claimed injury to them as a result of the collision of the son's bicycle with the defendants' automobile. Trial was had by jury resulting in a verdict for defendants. The series of events that followed were these:

On July 13, 1954, judgment for defendants was entered. Written notice of its entry was served on plaintiffs by mailing a copy thereof to plaintiffs' counsel in Riverside on July 26, 1954, according to an affidavit filed on July 27th. On August 4th, plaintiffs filed notice of intention to move for a new trial. On August 16th, the trial judge signed an order fixing September 17th as the time for hearing the motion. The motion was heard. On October 6, more than 60 days after the written notice of entry of judgment was served and more than 60 days after notice of intention to move for a new trial was filed, the trial court signed an order granting a new trial, but did not include insufficiency of the evidence as one of the grounds. The showing made by the affidavits in support of this motion indicated that there was additional or newly discovered evidence which plaintiff failed to produce at the trial.

Except as otherwise provided in section 12a of the Code of Civil Procedure, under section 660 thereof the power of the court to pass on a motion for new trial expires 60 days from and after service on the moving party of written notice of entry of the judgment, or if such notice has not theretofore been served, then 60 days after filing of the notice of intention to move for a new trial. If such motion is not determined within said period of 60 days, or within said period as thus

extended, the effect shall be a denial of the motion without further order of the court.

Apparently, from the present state of the record on appeal, the order attempting to grant a new trial, at the time here indicated, was beyond the court's jurisdiction and ineffective. (*Dolan* v. *Superior Court,* 47 Cal.App. 235 [190 P. 469]; *Schomer* v. *R. L. Craig Co.,* 137 Cal.App. 620 [31 P.2d 396].)

Confronted with this dilemma plaintiffs have belatedly, after the submission of the case on appeal, moved this court to have the record augmented, asked that certain portions of it be expunged, and to substitute a claimed minute entry of the trial court granting the motion for new trial on October 4, 1954, in order to establish the trial court's right to grant the new trial. The request is that they be allowed to present to this court, upon affidavit or otherwise, their claim that in fact no notice of entry of judgment was *received* by or on behalf of the plaintiffs. They also aver that the notice mailed, in any event was defective in form, etc., and consequently the time for determination of the motion was 60 days from the date of filing the notice of motion for such new trial. For this claimed reason they seek to expunge from the record the notice of entry of judgent and affidavit of mailing contained in the clerk's supplemental transcript.

There is positive showing by affidavit of defendants that notice of entry of judgment was mailed to counsel for plaintiffs on July 26, 1954. The effect of plaintiffs' counsel's affidavit is that he searched the files of his office and found no notice of entry of judgment in the above-entitled case therein, and to the best of his knowledge and belief no such notice was ever received by him; that he made no inspection of the files in the county clerk's office and had no knowledge of the claimed service until he was served with a copy of such notice and affidavit of mailing to be used in a supplemental transcript on appeal in May, 1955. He alleged that after arguing the motion for new trial on October 1st, he received a card from the clerk of the court through the mail postmarked "October 4, 1954—5:30 p.m." reciting: "Caldwell v. Geldreich—Motion for New Trial—Motion granted"; that thereupon he prepared and forwarded to the court for signature a formal order granting the new trial, and that the judge, instead of dating it October 4th, dated it October 6th, and signed it on that date; that due to illness and press of business he did not seek an early hearing on the motion for new trial. He did obtain from defendants' counsel a stipula-

tion extending time to file affidavits in support of the motion for new trial.

Assuming that the motion here pending was granted by us, we would be immediately confronted with two opposing affidavits. We would necessarily be inclined to believe that such a notice was in fact mailed to counsel for plaintiffs as indicated therein. Since counsel for plaintiffs stated in his affidavit that he did not have a memory of receiving such a notice, it might be suggested that the notice was lost in the mail or misplaced in his office and was not brought to his attention. These facts alone would not support a finding that defendants' affidavit of mailing was false or fraudulent. (*McKeon* v. *Sambrano,* 200 Cal. 739 [255 P. 178].) It does not appear from a reading of sections 1012 and 1013 of the Code of Civil Procedure that the burden is upon the sender to show that the notice was actually *received* by the addressee. In *Traders Credit Corp., Ltd.* v. *Superior Court,* 111 Cal.App. 663, 666 [296 P. 99], it was held that where service is made by mail, in cases permitted by these sections, such service is declared to be complete at the time of the deposit in the post office of the sender in a sealed envelope addressed to the person upon whom it is to be served. In that case they cited *Heinlen* v. *Heilbron,* 94 Cal. 636 [30 P. 8], to the effect that the service by mail authorized by section 1012, *supra,* does not contemplate a delivery as a part of the service, as seen by the provision of section 1013 that "the service is complete at the time of the deposit" in the post office. Such service is termed a "substituted service," and is intended to take the place of and be equivalent in point of law and service to a personal service. In *McKeon* v. *Sambrano, supra,* service by mail was held to be complete at the time of the deposit in the post office, and the addressee incurs the risk of the failure of the mail. To the same effect is *Gill* v. *Southern Pac. Co.,* 174 Cal. 84 [161 P. 1153] ; *Estate of Richards,* 154 Cal. 478 [98 P. 528] ; and *Brown* v. *Green,* 65 Cal. 221 [3 P. 811].

*Labarthe* v. *McRae,* 35 Cal.App.2d 734 [97 P.2d 251], is distinguishable because a different section of the code (Code Civ. Proc., § 659) was there under consideration. That section provides that the 10-day period within which to move for a new trial should not start to run until "after receiving" the written notice of entry of judgment. Section 660, *supra,* contains no such provision but provides that the power of the court "to pass on motions for new trial shall expire

sixty (60) days from and after *service* on the moving party of written notice of the entry of the judgment. . . ." Under the above-cited decisions the service of notice of decision was complete when the deposit was made in the post office.

Upon the showing made and considering the delay in seeking the relief here indicated, the motion to vacate the submission and strike the affidavit and notice of entry of judgment filed in the action should be denied.

There is an added claim that the notice of entry of judgment filed with the affidavit of mailing was a copy and not an original and that this copy was signed "John L. Roberts," as attorney for defendants, when in fact the name John L. Roberts was signed by Attorney Byron C. Morton, who was associated with Attorney Roberts in his office and in said case, while said Attorney Roberts was on vacation. The claim is that Attorney Morton lacked authority to sign said notice of entry of judgment and accordingly he was not the attorney of record in the case. ■ It is contended that the notice was therefore a nullity, citing such authority as *Jansson* v. *National Steamship Co.,* 34 Cal.App. 483, 486 [168 P. 151]. We see no merit to this point. The typewritten record shows the name of John L. Roberts appended to the notice. If it was signed by Attorney Morton it must be presumed he was authorized to do so. (Code Civ. Proc., § 1963, subd. 1.) ■ At least counsel for plaintiffs should be estopped to deny his authority so to do because he secured a stipulation (signed in a similar fashion) to file affidavits in support of his motion for new trial after the time required by law to file them from Attorney Morton, in the absence of Attorney Roberts. This stipulation was filed in said action and plaintiffs relied upon it. (*Wells Fargo & Co.* v. *City & County of San Francisco,* 25 Cal.2d 37, 42 [152 P.2d 625]; 10 Cal. Jur. p. 611, § 2.)

The record before us does not indicate that the notice of entry of judgment filed with the clerk of the court was a copy rather than the original, as contended by plaintiffs. However, this claim, if true, would not necessarily be fatal. Section 1013a of the Code of Civil Procedure provides that proof of service by mail may be made by affidavit affixed to the original, or to a true copy of the document served and filed in the cause. Plaintiffs filed their notice of intention to move for a new trial within the time required, and the time for hearing the motion was set well within the 60-day period.

Under the record before us it must be held that the time

within which the trial court had to pass upon the motion for a new trial expired 60 days after the *service* of the notice of entry of judgment and that the notice was sufficient in form. It therefore becomes unnecessary to determine the advisability of allowing plaintiffs to show that there may have been some minute entry of the clerk of the court granting the motion for a new trial on October 4, 1954, since that claimed minute order was made more than 60 days after service of notice of entry of judgment.

The motion to vacate the order of submission of this cause, to strike portions of the record, and to augment it, is denied. The purported order granting a new trial is reversed.

Barnard, P. J., and Mussell, J., concurred.