CALL, CHIEF, DIVISION OF
RECLAMATION, APPELLANT, *v.*
ALEXANDER COAL COMPANY
(HORIZON COAL CORP.), APPELLEE.

(No. 82AP-600—Decided January 27, 1983.)

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Dominic J. Hanket,* for appellant.
*Messrs. Kincaid, Cultice, Michili & Geyer, Mr. William J. Taylor, Messrs. Earl & Warburton* and *Mr. Robert L. Washburn, Jr.,* for appellee.

COOK, J. On September 4, 1980, the Zanesville District Office of the Ohio Division of Reclamation received a request from Alexander Coal Company, appellee herein, for approval of its reclamation of strip-mined land as to planting and all other reclamation requirements of R.C. Chapter 1513. Charles E. Call, Chief, Division of Reclamation, appellant herein, disapproved appellee's request on November 13, 1980, and mailed the order formally disapproving the request by certified mail on December 3, 1980. Appellee received the order on December 5, 1980.

Appellee appealed to the Reclamation Board of Review on the ground appellant failed to timely notify it of his decision to disapprove appellee's request. On October 7, 1981, the board reversed appellant's order. Appellant then appealed the board's decision to the Court of Common Pleas of Franklin County pursuant to R.C. 1513.13. On January 22, 1982, the court affirmed the decision of the board.

Appellant appealed the judgment of the trial court and has filed the following assignment of error:

"The court erred in holding that the conclusive presumption of R.C. 1513.16 (E) applies where the Chief of the Division of Reclamation sends notice of his disapproval of reclamation to the coal operator by certified mail on the last day of the 'prescribed period' as that term is defined

in R.C. 1513.01(K) and employed in R.C 1513.16(E)."

The assigned error is well-taken.

The sole issue before this court is whether or not appellant gave timely notice to appellee of his disapproval of appellee's reclamation efforts in compliance with R.C. 1513.16(E).

R.C. 1513.01(O), in effect on the dates involved in the instant appeal, provided:

" 'The prescribed period' means, in the case of an application for a permit or for an amendment, or a request for inspection, pertaining to twenty-five acres or less, sixty days; in the case of an application for a permit or for an amendment, or a request for inspection, pertaining to more than twenty-five acres but not more than one hundred twenty-five acres, ninety days; in the case of an application for a permit or for an amendment, or a request for inspection, pertaining to more than one hundred twenty-five acres but not more than one thousand acres, one hundred twenty days; and in the case of an application for a permit or for an amendment, or a request for inspection pertaining to more than one thousand acres, one hundred eighty days."

R.C. 1513.16(E)(4), also as in effect on the dates involved in the instant appeal, in pertinent part, provided:

"If the chief does not approve the reclamation performed by the operator, he shall notify the operator by certified mail within the prescribed period after the request for inspection is filed or after he learns of the default. The notice shall be an order stating the reasons for unacceptability, ordering further actions to be taken, and setting a time limit for compliance. If the chief does not notify the operator within the prescribed period after a request for inspection is filed that he has not approved the reclamation, it shall be conclusively presumed that the chief has approved the reclamation. * * *"

In the instant cause, the "prescribed period" was ninety days. Appellant mailed, by certified mail, notice of his disapproval to appellee on December 3, 1980, the last day of the "prescribed period."

Where a statute specifies that a person shall be notified by a particular means, such as certified or registered mail, notice is effective when deposited in the mails. *McCruter* v. *Bd. of Review* (1980), 64 Ohio St. 2d 277 [18 O.O.3d 463]; *McCoy* v. *Bureau of Unemp. Comp.* (1947), 81 Ohio App. 158 [36 O.O. 463]; 58 American Jurisprudence 2d 507, Notice, Section 27.

The presence of language providing for the means of notification demonstrates an intent to consider the notice received when properly deposited in the mails. *United States* v. *Continental Cas. Co.* (E.D. La. 1965), 245 F. Supp. 871, at 873; *United States* v. *Greene Electrical Service of Long Island* (E.D. N.Y. 1966), 252 F. Supp. 324.

In *McCoy,* the court had before it the question of whether the time for perfecting an appeal under former G.C. 1346-4 (now R.C. 4141.28[H]) began to run at the time the Administrator of the Bureau of Unemployment Compensation mailed the notice of his decision regarding benefit rights to the applicant or at the time said notice was received by the applicant. The court held that the time for applicant's appeal started to run at the time of mailing and at page 161 cited the general rule:

" 'Service of process by mail, when authorized, is deemed complete when the writ is deposited in the post office, properly addressed and with the proper amount of postage. And it is sufficient if it is deposited in the mail on the last day allowed for service, although it is not received by the other party until after that day.' "

In *McCoy,* the statute under consideration provided the manner of service.

Later, in *McCruter* v. *Bd. of Review, supra,* the Ohio Supreme Court held that an application to institute further appeal

from a referee's affirmance of a decision of the administrator disallowing an unemployment compensation claim must be filed within fourteen days after the referee's decision is mailed pursuant to R.C. 4141.28(L).

In *McCruter,* the appellee argued that R.C. 4141.28(L) should be interpreted to allow an application for further appeal to be filed within fourteen days after the receipt of notice rather than the date of mailing, as in the instant case. The court stated at page 279 that "such a reading would be contrary to the explicit language of the statute."

In the instant cause, the explicit language of R.C. 1513.16(E) required appellant to notify appellee by certified mail within ninety days of his disapproval of his reclamation efforts.

We conclude that the mailing by certified mail of the notice of disapproval required by R.C. 1513.16(E), in effect at the time in question, on the last day of the "prescribed period" complied with the notice requirement of said statute.

The judgment of the trial court is reversed and the cause is remanded for further proceedings, *i.e.,* entering of a judgment of reversal of the decision of the Reclamation Board of Review.

*Judgment reversed*
*and cause remanded.*

REILLY and MOYER, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.