737 F.2d 887
 39 Fed.R.Serv.2d 756
 Leon H. SAVAGE, Plaintiff-Appellee,
v.
CACHE VALLEY DAIRY ASSOCIATION, a Utah corporation,
Defendant-Appellant,
Blaine B. Rich, William L. Lindley, Frank P. Olson, Gordon
Ziller, Vernon Bankhead, Douglas Quale, Lathair Peterson,
Willis Hall, Larry Pitcher, Thedford Roper, Randy Bradshaw,
Gene Briede, Bob Erickson, Jeff Hyde, Robert Jackson, Rulon
King, Joseph May, Don Nye, Evan Skinner and J. Rolf
Tuddenham, Defendants,
Utah Dairy Commission, Defendant-Appellant,
Clint Warby, Administrator, Utah Dairy Commission, Calvin
Funk, Lynn Meikle, Don Bailey, Boyd Gardner, Bob Rapelato,
Dale Bateman, Hyrum Ottesen, Leray Kohler, Clark Carter,
Gene Yardley, Paul Morgan and John Does (1 to 20), Defendants.
 Nos. 83-1982, 83-2019.
 United States Court of Appeals,
Tenth Circuit.
 June 29, 1984.
 
 B.H. Harris and Joseph M. Chambers of Harris, Preston, Gutke & Chambers, Logan, Utah, for defendant-appellant Cache Valley Dairy Ass'n.
 David L. Wilkinson, Atty. Gen. and Stephen C. Ward, Asst. Atty. Gen., the State of Utah, Salt Lake City, Utah, for defendant-appellant Utah Dairy Com'n.
 Before SETH, Chief Judge, and LOGAN and SEYMOUR, Circuit Judges.
 PER CURIAM.
 
 
 1
 This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of these appeals. See Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The causes are therefore ordered submitted without oral argument.
 
 
 2
 These cases are cross-appeals taken following the appeal filed by plaintiff, Leon H. Savage, our No. 83-1950. The court directed the defendant cross-appellants (Nos. 83-1982 and 83-2019) to advise us why the cross-appeals should not be dismissed for lack of jurisdiction based on untimely filed notices of cross-appeal.
 
 
 3
 Plaintiff filed a timely appeal from the final judgment underlying this case with the clerk of the district court on July 20, 1983. Although it is unclear whether the plaintiff in fact served copies of the notice of appeal on the defendants, both defendants state that the clerk sent copies of the notice of appeal, as required under Fed.R.App.P. 3(d). Each defendant further states that plaintiff's notice of appeal was received on July 22. Defendant Cache Valley Dairy Association filed its notice of appeal on August 4, 1983. Utah Dairy Commission filed its notice of appeal on August 8, beyond both the fourteen-day period for filing cross-appeals and the thirty-day period after the final judgment was entered. Fed.R.App.P. 4(a).
 
 
 4
 Although the appeal in No. 83-1982 was filed beyond the fourteen-day time limit for filing cross-appeals, the notice was filed within thirty days of the judgment. Thus the appeal was filed "within the time otherwise prescribed by this Rule 4(a), whichever period last expires," Fed.R.App.P. 4(a)(3), and is timely for that reason only.
 
 
 5
 Defendant Cache Valley argues that it is entitled under Fed.R.App.P. 26(c) to an additional three days because the notice of appeal was mailed. This contention is plainly without merit. Fed.R.App.P. 26(c) only applies when the time period to do an act runs from the time of service of notice. However, under Fed.R.App.P. 4(a)(3), a cross-appeal must be filed within fourteen days from the date on which the first notice of appeal is filed, not from the date on which the notice is served. Thus Rule 26(c) does not apply to extend the time for filing a cross-appeal. Herndon v. Piper Aircraft Corp., Unpublished No. 81-1916 (10th Cir. filed October 5, 1981); Lashley v. Ford Motor Co., 518 F.2d 749, 750 (5th Cir.1975).
 
 
 6
 Defendants also contend that the fourteen-day requirement is not jurisdictional. The filing of a timely notice of the initial appeal is undeniably jurisdictional. Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978). However, the circuits appear divided on whether the failure to file a timely cross -appeal deprives the appellate court of jurisdiction. Compare Martin v. Hamil, 608 F.2d 725, 731 (7th Cir.1979) (failure to file cross-appeal divests court of jurisdiction); Richland Knox Mutual Insurance Co. v. Kallen, 376 F.2d 360, 364 (6th Cir.1967) (no jurisdiction over late cross-appeal) with Bryant v. Technical Research Co., 654 F.2d 1337, 1341 (9th Cir.1981) (cross-appeal not jurisdictional prerequisite once initial appeal filed); Scott v. University of Delaware, 601 F.2d 76, 83 (3d Cir.), cert. denied, 444 U.S. 931, 100 S.Ct. 275, 62 L.Ed.2d 189 (1979) (cross-appeal rule of practice, not jurisdictional mandate). This court has previously held that the filing of a timely cross-appeal is mandatory and jurisdictional. Herndon v. Piper Aircraft Corp., Unpublished No. 81-1916 (10th Cir. filed October 5, 1981); Jenkins v. Peet, Unpublished No. 82-1705 (10th Cir. filed July 29, 1982). These decisions are binding precedent on other panels of this court, and we follow them here.
 
 
 7
 Finally, this court may not extend the time for filing a notice of appeal. Wyzik v. Employee Benefit Plan of Crane Co., 663 F.2d 348 (1st Cir.1981); Fed.R.App.P. 26(b). The claim of excusable neglect is a matter to be timely addressed to the district court in accordance with Fed.R.App.P. 4(a)(5). Defendant did not request an extension of time.
 
 
 8
 Accordingly, the cross-appeal in No. 83-2019 only is DISMISSED. The mandate shall issue forthwith.