Francis E. LAUZON, III

v.

STRACHAN SHIPPING COMPANY, Texas Employers' Insurance Association.

Civ. A. No. G–84–44.

United States District Court, S.D. Texas, Galveston Division.

Feb. 5, 1985.

---

Joel W. Ellis, II, Galveston, Tex., for plaintiff.

Gray H. Miller, Fulbright & Jaworski, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

HUGH GIBSON, District Judge.

Plaintiff, a longshoreman, brought this action to enforce a supplemental order by the Deputy Commissioner of the Department of Labor. In his order, the Deputy Commissioner declared plaintiff's employer

in default of its obligation to pay a compensation award of $25,000.00. Pursuant to 33 U.S.C. § 914(f), the Commissioner ordered the employer and its insurance carrier to pay an additional twenty percent of the original award as penalty for default. Section 914(f) provides that if a compensation award is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to twenty percent thereof.

Before the Court is plaintiff's motion for summary judgment. The insurance carrier, Texas Employers Insurance Association (TEIA), had also moved for summary judgment. Defendant TEIA bases its motion on the following grounds:

1. The defendant has not defaulted in its obligation to pay the Commissioner's award because Rule 6(e) of the Federal Rules of Civil Procedure applies to extend the ten-day requirement of Section 914(f).

2. The Commissioner's supplemental order did not comport with the notice and hearing requirement prescribed by 33 U.S.C. §§ 918(a), 919(c) and (d), and 5 U.S.C. § 554.

### I.

A. The Court must first consider whether TEIA's payment of the compensation award was timely. The ten-day requirement of Section 914(f) begins to run on the date compensation becomes due, which has been interpreted to mean the date the compensation award was filed and became effective. *Arrow Stevedore Co. v. Pillsbury,* 88 F.2d 446 (9th Cir.1937); *Henry v. Gentry Plumbing & Heating Co.,* 704 F.2d 863 (5th Cir.1983). *See* also 20 C.F.R. § 702.-350; 33 U.S.C. § 921(a). Since the compensation award was filed on June 13, 1980, payment should have been made by June 23, 1980. TEIA conceded that the check was mailed to plaintiff on June 25, 1980 and was received at his residence on June 26, 1980.

■ Rule 6(e) of the Federal Rules of Civil Procedure adds three days to the prescribed time period during which a party is required to take action if notice of such required action is served by mail. The application of Rule 6(e) to the Longshoremen and Harbor Workers' Act (LHWA) has not been addressed by the Fifth Circuit. As a general rule, the service-by-mail extension provided in Rule 6(e) applies only to civil actions, and not administrative decisions. *See* 4, WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1171 (1969 and Supp.1984). The extension does not apply when according to statute, the time for taking action begins to run on the date of the filing of the order. *Pizzichil v. Motors Insurance Corp.,* 90 F.R.D. 119, 121 (E.D.Pa.1981). Rule 6(e) has been held not applicable to the time period necessary for a compensation order under the LHWA to become final. *Army & Air Force Exchange Service v. Hanson,* 250 F.Supp. 857 (D.Haw., 1966). A reading of the entire act indicates that the remedies provided by the Act were meant to be prompt remedies. *Hanson, Id.* at 859. Accordingly, this Court will not apply Rule 6(e) to alter the ten-day requirement affixed by Congress. Defendants' payment, received by the plaintiff on the 13th day, is therefore untimely.

■ B. The Court must next consider whether an employer's tardiness can be excused through equitable consideration. TEIA contends in its statement of fact that plaintiff has in the past routinely picked up his compensation checks from its office. On the occasion in question, plaintiff again agreed to pick up his $25,000.00 final award in person. TEIA issued the check on the 8th day from the date of the Commissioner's award, fruitlessly attempted to contact plaintiff, and finally reached plaintiff's wife by phone. TEIA contends that the check was sent late because it was relying on plaintiff's wife to relay the message to plaintiff. The Court notes that TEIA has not advanced any evidence to support its contentions.

The LHWA provides two types of penalty for failure to pay compensation on time. Section 914(e) assesses a ten percent penalty for overdue payments made without a

Commissioner's award. Section 914(f), applicable to the case at bar, assesses a twenty percent penalty for overdue payments made under the terms of an award. Section 914(e) provides that non-payments can be excused by a showing of conditions over which an employer had no control. This language is not contained in Section 914(f). Under Section 914(f), the penalty is mandatory unless the employer has appealed the compensation order, and has obtained a Board or court order staying payments.

This Court finds that unlike Section 914(e), Section 914(f) imposes a stricter standard, leaving no room for equitable consideration. Thus, the Commissioner was correct in finding default and assessing additional compensation in favor of the plaintiff.

### II.

■ TEIA argues that the Deputy Commissioner erred in denying its request for an official hearing before an impartial administrative law judge. Title 33 U.S.C. 918(a) provides that the Deputy Commissioner shall enter a supplemental order declaring the amount of default after investigation notice, and hearing as provided in 33 U.S.C. § 919. Section 919(c) requires the Deputy Commissioner to conduct investigations as he considers necessary, and to order a hearing upon application of any interested party. Such hearing shall be conducted by an Administrative Law Judge in accordance with the provisions of the Administrative Procedures Act, 5 U.S.C. § 554. *See* 33 U.S.C. § 919(d). The 1972 amendment to § 919(d) withdrew the adjudicatory power to conduct hearing from the Deputy Commissioner and conferred it upon the Administrative Law Judge. *Neal v. Strachan Shipping Co.*, 1 BRBS 279 (1974); *Barthelemy v. J. Ray McDermott & Co., Inc.*, 537 F.2d 168 (5th Cir.1976).

■ In this case, the Deputy Commissioner held an informal conference with both parties because he found an official hearing unnecessary. Because of the mandatory nature of Section 914(d) and the undisputed fact that the plaintiff did not receive the payment within ten days, the Court cannot say the Commissioner's judgment is erroneous. A hearing is necessary only when there exists a genuine issue of disputed fact. *See* 20 C.F.R. §§ 702.301 and 702.372; *Lawson v. Atlantic & Gulf Stevedores*, 9 BRBS 855 (1979). Assuming, *arguendo,* that a hearing was warranted, the Court finds that a procedural defect cannot be used to nullify an otherwise valid award unless it deprives the Deputy Commissioner of jurisdiction to enter the award, or results in prejudice to the parties. *See Czaplicki v. The Hoegh Silvercloud*, 351 U.S. 525, 529, 76 S.Ct. 946, 949, 100 L.Ed. 1387 (1956).

Accordingly, it is ORDERED, ADJUDGED and DECREED that:

1. plaintiff's motion for summary judgment is GRANTED;

2. defendant's motion for summary judgment is DENIED; and

3. the Deputy Commissioner's supplemental order is AFFIRMED.