In the Matter of the Petition For DECLARATION OF ABANDONMENT OF the FRED WOLFLEY APPROPRIATION, PERMIT NO. 798, and the Fred Wolfley, Jr., Appropriation, Permit No. 1072, Diverting From Birch Creek, a Tributary of the Salt Creek.

Clyde E. WOLFLEY and Alta Wolfley, husband and wife, and Linda P. Radford, Appellants (Appellants-Petitioners),

v.

Bruce CROOK and Thelma Crook, and the Wyoming State Board of Control, Appellees (Appellees-Respondents).

No. 84–80.

Supreme Court of Wyoming.

Feb. 14, 1985.

Philip D. Sachs, Kemmerer, and E.J. Skeen, of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah, for appellants.

A.G. McClintock, Atty. Gen., John D. Erdmann, Asst. Atty. Gen., Cheyenne, for appellee, Wyoming State Board of Control.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

BROWN, Justice.

This appeal results from the district court's denial of an appeal from an administrative decision of the state board of control denying abandonment and adjudicating certain water rights. The merits of the board's decision are not at issue. The board issued its decision on November 1, 1983. The notice of appeal was not filed in the district court until December 30, 1983. The district court dismissed the appeal for lack of jurisdiction due to untimely filing.

We will affirm.

Appellants raise the following issues: "1. Whether Section 41–4–402, which provides that appeals from an order of the State Board of Control which modifies an existing adjudicated water right must be filed within 60 days, is superseded by Rule 12.04 of the Wyoming Rules of Appellate Procedure.

"2. Whether the order sought to be reviewed is an 'administrative action' as provided by Rule 12.01 of the Wyoming Rules of Appellate Procedure.

"3. Whether the State Board of Control is an administrative agency within the meaning of Rule 12.04."

I

We will address appellants' last issue first: Whether the state board of control is an administrative agency for purposes of perfecting an appeal therefrom under Rule 12, Wyoming Rules of Appellate Procedure. Appellants concede that the state board of control is an administrative agency, but contend the board is also a "quasi-judicial body" and, therefore, Rule 12, W.R.A.P., is not applicable since the rule only refers to "administrative agencies."

The point of appellants' argument is not completely clear, but we begin by noting our constitution creates three separate and distinct branches (departments) of government: legislative, executive, and judicial,

and one cannot exercise power over the other. The departments are separate and any one entity cannot be considered part of more than one department.

"The powers of the government of this state are divided into three distinct departments: The legislative, executive and judicial, and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any powers properly belonging to either of the others, except as in this constitution expressly directed or permitted." Article 2, § 1, Wyoming Constitution.

Rule 12.02, W.R.A.P., adopts the definition of "agency" found in § 16–3–101(b)(i), W.S.1977 (October 1982 Replacement), of the Wyoming Administrative Procedure Act, which reads:

"(b) As used in this act: .

"(i) 'Agency' means any authority, bureau, board, commission, department, division, officer or employee of the state, a county, city or town or other political subdivision of the state, except the governing body of a city or town, the state legislature and the judiciary * * *."

The state board of control was established by Art. 8, § 2 of the Wyoming Constitution:

"There shall be constituted a board of control, to be composed of the state engineer and superintendents of the water divisions; which shall, under such regulations as may be prescribed by law, have the supervision of the waters of the state and of their appropriation, distribution and diversion, and of the various officers connected therewith. Its decisions to be subject to review by the courts of the state."

We think there is little doubt that the board of control is an "administrative agency" and appeals therefrom are governed by our present scheme of rules in the Wyoming Rules of Appellate Procedure, specifically Rule 12. This is true regardless of whether the board's decision is characterized as administrative or "quasi-judicial."

II

■ Appellants' first argument is whether § 41–4–402, W.S.1977, granting 60 days to file an appeal from a decision of the board of control is superseded by Rule 12.04, W.R.A.P., granting 30 days to appeal from an administrative agency decision.

We begin by noting that the right to judicial review of an administrative decision is entirely statutory. *Walker v. Board of County Commissioners, Albany County,* Wyo., 644 P.2d 772 (1982); and *United States Steel Corporation v. Wyoming Environmental Quality Council,* Wyo., 575 P.2d 749 (1978).

■ Section 16–3–114, W.S.1977 (October 1982 Replacement), of the Wyoming Administrative Procedure Act [§§ 16–3–101 to 16–3–115], governs appeals from administrative agencies:

"(a) Subject to the requirement that administrative remedies be exhausted and in the absence of any statutory or common-law provision precluding or limiting judicial review, any person aggrieved or adversely affected in fact by a final decision of an agency in a contested case * * is entitled to judicial review in the district court for the county in which the administrative action * * * was taken * * *. The procedure to be followed in the proceeding before the district court shall be in accordance with rules heretofore or hereinafter adopted by the Wyoming supreme court.

"(b) The supreme court's authority to adopt rules governing review from agencies to the district courts shall include authority to determine * * * the time and manner for filing the pleadings * *. *The rules adopted by the supreme court under this provision may supersede existing statutory provisions.*" (Emphasis added.)

The purpose of the Wyoming Administrative Procedure Act as stated in *Sage Club, Inc. v. Employment Security Commission of Wyoming,* Wyo., 601 P.2d 1306, 1308 (1979), is

" * * * to provide uniform procedures to be followed in the adoption of rules and in conducting contested hearings. In addition, the W.A.P.A. sets out the means by which a final agency determination may be appealed to the courts for review. * * * "

Accordingly, this court has adopted rules governing appellate procedure from administrative actions. Rule 12.04, W.R.A.P., reads:

"In a contested case, * * * the petition for review shall be filed within thirty (30) days after written, certified notice to all parties of the final decision of the agency * * * except that upon a showing of excusable neglect based upon the failure of a party to learn of the decision or action, the district court may extend the time for filing the petition for review not exceeding thirty (30) days from the expiration of the original time herein prescribed. * * * "

And Rule 87(b), Wyoming Rules of Civil Procedure, specifically states that statutory provisions relating to time limitations for appeals from administrative actions are superseded:

"(b) *Administrative procedure.*—All statutory provisions relating to procedure on appeal from or review of administrative action by district courts, including all time limitations * * * are superseded * * *."

When the board's decision was rendered, Section 1, Chapter VII of the board's regulations provided the following in regard to judicial review of decisions:

"Any final decision and order of the State Board of Control may be appealed to the District Court for the county wherein the original action arose. Judicial review is authorized by W.S. 9–4–114 [presently § 16–3–114, W.S.1977 (October 1982 Replacement)] and is governed

by the Wyoming Rules of Appellate Procedure as most recently amended by the Supreme Court of Wyoming. * * * "

Furthermore, the hearing examiner advised the parties at the conclusion of the evidence that the proceeding was an administrative hearing and that anyone adversely affected by a decision could seek judicial review:

"It should be noted for the benefit of all persons here today, that this hearing is only an administrative hearing. Any person who is, in fact, adversely affected by the decision of the Board of Control has a right to seek judicial review of the Board's decision in accordance with Wyoming statute 9–4–114 [presently § 16–3–114, W.S.1977 (October 1982 Replacement)]. * * * "

It is clear from the rules cited herein that the rules promulgated by the court pertaining to appeals from administrative actions have superseded the time limitation for appeals under § 41–4–402, W.S.1977, as well as all other statutory time provisions relating to appeals from administrative action. This was the clear intent of the legislature in passing the Wyoming Administrative Procedure Act, as stated succinctly in § 16–3–114, W.S.1977 (October 1982 Replacement).[1] See, e.g., *Board of County Commissioners of Teton County v. Teton County Youth Services, Inc.*, Wyo., 652 P.2d 400 (1982).

### III

Finally, appellants contend that the part of the order appealed from is not an "administrative action" within the meaning of Rule 12.01, W.R.A.P., which reads:

"To the extent that judicial review of administrative action by a district court is available, any person who is aggrieved or adversely affected in fact by a final

---

**1.** We were faced with a similar situation in *Matter of Zabaleta v. FMC Corporation,* Wyo., 638 P.2d 648 (1981), in which we dismissed an appeal to this court for failure to timely file a record. Therein we noted a conflict between Rule 3.02, Wyoming Rules of Appellate Procedure, and § 27–12–615, W.S.1977. Rule 3.02,

W.R.A.P., requires the record on appeal to be filed within 40 days from the date of filing the notice of appeal, while § 27–12–615 allows 70 days to file the record on appeal in a workmen's compensation case. We held that § 27–12–615 was superseded by Rule 3.02, and the 40-day period under the rule was controlling.

decision of an agency in a contested case, or who is aggrieved or adversely affected in fact by any other agency action or inaction, or who is adversely affected in fact by a rule adopted by agency, may obtain such review as provided in this rule."

We find no merit in this issue.

Section 16–3–101(b)(ii), W.S.1977 (October 1982 Replacement), defines "contested case" as

" * * * a proceeding including but not restricted to ratemaking, price fixing and licensing, in which legal rights, duties or privileges of a party are required by law to be determined by an agency after an opportunity for hearing * * *."

We have previously held that a contested case is one in which legal rights are determined after an opportunity for a trial-type hearing. *Diefenderfer v. Budd*, Wyo., 563 P.2d 1355 (1977).

Here, a hearing was held before the board of control with evidence presented by both sides. At the close of all the evidence, the hearing examiner stated: "It should be noted * * * that this hearing is only an administrative hearing." Appellants claim their appeal is only from that part of the order changing an adjudicated water right. We fail to see how an appeal from part of an order which adjudicates a legal right is somehow not an administrative action. If the order could be so separated, the portion which is not "a final decision ... in a contested case," must be considered as "other agency action," also subject to review under Rule 12.01, W.R.A.P.

We find the trial court was correct in dismissing the untimely appeal. We have held that the timely filing of an appeal is mandatory and jurisdictional. *Department of Revenue and Taxation v. Irvine*, Wyo., 589 P.2d 1295 (1979); and *Regan v. City of Casper*, Wyo., 494 P.2d 933 (1972).

Affirmed.