Gary SELLERS, Appellant (Petitioner),

v.

**EMPLOYMENT SECURITY COMMIS-SION OF WYOMING, Appellee (Respondent).**

No. 88–35.

Supreme Court of Wyoming.

Aug. 25, 1988.

David A. Drell, Casper, for appellant.

William G. Hibbler, Sp. Asst. Atty. Gen., for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

Appellee Employment Security Commission of Wyoming (ESC) denied the application of appellant Gary Sellers for unemployment benefits. Appellant's subsequent petition for review in the district court was dismissed as being untimely filed, and this appeal followed. Resolution of the issue presented in this case requires that we examine the applicable statutes and rules to determine the proper method of computing time limits on filing a notice of appeal from an administrative decision where notice of the decision is provided to the parties by mail.

We reverse and remand.

Appellant describes the issue in this manner:

WHETHER THE APPELLANT TIMELY FILED HIS PETITION FOR REVIEW WITH THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT TO PROPERLY INVOKE THE JURISDICTION OF THE COURT.

An ESC deputy, by initial determination and a redetermination, concluded that appellant was disqualified from receiving benefits because he had voluntarily left his most recent employment without good cause attributable to that employment. Appellant filed an administrative appeal and, after a hearing, an ESC hearing examiner affirmed the deputy's decision. Appellant further pursued his administrative remedy by appealing to the commissioners of the ESC. The commissioners affirmed the examiner's decision at a meeting held on October 26, 1987. On October 30, 1987, the decision of the commissioners was mailed to appellant by certified mail. Appellant received the certified letter of notice on November 2, 1987.

On December 2, 1987, appellant filed a petition for review with the district court. By order entered December 18, 1987, the district court dismissed the petition, stating as grounds therefor:

THE COURT FINDS THAT the petition was mailed on October 30, 1987, that the time allowed by the Wyoming Rules of Appellate Procedure, Rule 12.04, for filing a petition for review expired on November 30, 1987, as the time for filing a petition begins to run on the date that the notice is mailed, and that the Court is therefore without jurisdiction to consider the petition.

The right to judicial review of administrative decisions is entirely statutory, and agency actions are not reviewable absent statutory authority. *Holding's Little America v. Board of County Commissioners of Laramie County*, 670 P.2d 699 (Wyo.1983); *Keslar v. Police Civil Service Commission, City of Rock Springs*, 665 P.2d 937 (Wyo.1983). In addition, timely filing of a petition for review is jurisdictional. *Wolfley v. Crook*, 695 P.2d 159 (Wyo. 1985); *Department of Revenue and Taxation v. Irvine*, 589 P.2d 1295 (Wyo.1979).

Statutory authority for judicial review of ESC decisions is found in W.S. 27-3-407(a), which provides in pertinent part:

Any person aggrieved or adversely affected by a final decision under this act may obtain judicial review by filing a petition for review with the district court of jurisdiction. Review by the court shall be as provided by the Wyoming Administrative Procedure Act [§§ 16-3-101 through 16-3-115] * * *.

In addition, W.S. 16-3-114(a) of the Wyoming Administrative Procedure Act establishes, in general, the right to review of agency decisions or actions. That section states:

Subject to the requirement that administrative remedies be exhausted and in the absence of any statutory or common-law provision precluding or limiting judicial review, any person aggrieved or adversely affected in fact by a final decision of an agency in a contested case, or by other agency action or inaction, or any person affected in fact by a rule adopted by an agency, is entitled to judicial review in the district court for the county in which the administrative action or inaction was taken, or in which any real property affected by the administrative action or inaction is located, or if no real property is involved, in the district court for the county in which the party aggrieved or adversely affected by the administrative action or inaction resides or has its principal place of business.

*The procedure to be followed in the proceeding before the district court shall be in accordance with rules heretofore or hereinafter adopted by the Wyoming supreme court.*

(Emphasis added.)

W.R.A.P. 12 governs the procedural aspects of review of administrative decisions. *Board of County Commissioners of Teton County v. Teton County Youth Services, Inc.*, 652 P.2d 400 (Wyo.1982); W.R.A.P. 12.03. W.R.A.P. 12.01 provides:

To the extent that judicial review of administrative action by a district court is available, any person who is aggrieved or adversely affected in fact by a final decision of an agency in a contested case, or who is aggrieved or adversely affected in fact by any other agency action or inaction, or who is adversely affected in fact by a rule adopted by [an] agency, may obtain such review as provided in this rule.

W.R.A.P. 12.04 establishes the time for filing a petition for review, providing in relevant part:

In a contested case, or in a noncontested case where a statute places a time limit on appeal, the petition for review shall be filed within thirty (30) days *after written, certified notice to all parties of the final decision of the agency * * *.*

(Emphasis added.) Finally, W.S. 16–3–110 of the Wyoming Administrative Procedure Act prescribes the procedure for giving notice of a final agency decision in a contested case. In pertinent part, that section provides:

Parties shall be notified either personally *or by mail* of any decision or order. A copy of the decision and order shall be delivered or mailed forthwith to each party or to his attorney of record.

(Emphasis added.)

■ Thus, pursuant to the above statutes and rules, appellant had thirty days after certified notice of the agency decision

in which to file his petition for review. Our initial inquiry, therefore, is whether the appeal period runs from the date the notice is sent by mail as opposed to the date it is received. Both parties seem to agree that the period is measured from the time the notice was mailed. We agree that, pursuant to W.R.A.P. 12.04, the appeal period is triggered by the sending of certified notice through the mail. The general rule is found in 1 M. Merrill, Notice § 633 at 715–16 (1952), wherein it is stated:

Whether the authority springs from common law or custom, from contract or from direction by the notice, from *rule of court* or of administrative tribunal, or from the sovereign will of the legislature, it is not necessary that a notification authorized to be made by mail be received. Its effectiveness dates from the time of mailing.

(Emphasis added.) In *Call v. Alexander Coal Company*, 8 Ohio App.3d 344, 457 N.E.2d 356, 357 (1983), the court said, "Where a statute specifies that a person shall be notified by a particular means, such as certified or registered mail, notice is effective when deposited in the mails." See also *Crow v. United States*, 203 F.2d 670 (9th Cir.1953); *Elliott v. Board of Equalization and Adjustment of Jefferson County*, 469 So.2d 602 (Ala.Civ.App. 1984); *Caldwell v. Geldreich*, 137 Cal.App. 2d 78, 289 P.2d 832 (1955); Fed.R.Civ.P. 5(b); and 58 Am.Jur.2d, Notice § 27 (1971).

■ Having determined that the time period for filing an appeal pursuant to W.R.A.P. 12.04 is measured from the date of mailing rather than the date of receipt, we next look to W.R.A.P. 14.02,[1] which prescribes the method for computing time.[2] W.R.A.P. 14.02, as amended in 1987, provides in relevant part:

In computing any period of time prescribed or allowed by these rules, or by order of court, the day of the act, event or default from which the designated period of time begins to run shall not be

---

1. The Wyoming Rules of Appellate Procedure in their entirety, including W.R.A.P. 14.02, are applicable to appeals from administrative agencies by virtue of W.R.A.P. 1.01, which provides:

All appeals to the district court and Supreme Court shall be governed by these rules.

2. The method specified for computing time under W.R.A.P. 14.02 is virtually identical to that provided by W.R.C.P. 6(a), and W.R.Cr.P. 43(a).

included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper, a day on which weather or other conditions have made the office of clerk of the court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than eleven (11) days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

On the basis of the foregoing, the appeal period in this case was initiated by the mailing of the decision notice on October 30, 1987. Pursuant to W.R.A.P. 14.02, that date is not included. The first day of the count, therefore, is October 31, with the thirtieth day falling on November 29. November 29, 1987, was a Sunday, so, accordingly, the thirty-day period expired on Monday, November 30. This was the finding of the district court, and it was correct as far as it went.

The district court, however, failed to consider the operation of W.R.A.P. 14.03, which, in certain circumstances, enlarges the prescribed time to do an act after service of notice when the notice is sent by mail. W.R.A.P. 14.03 states:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period from or after the service of a brief, notice or other paper upon him, and the brief, notice or other paper is served upon him by mail or by delivery to the clerk, three (3) days shall be added to the prescribed period.

W.R.A.P. 14.03 has similar counterparts in W.R.C.P. 6(e); W.R.Cr.P. 43(d); Fed.R.Civ. P. 6(e); Fed.R.Crim.P. 45(e); and Fed.R. App.P. 26(c). In 4A C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d § 1171 at 514–15 (1987), the authors, in reference to Fed.R.Civ.P. 6(e), describe the rationale for the three-day extension:

> [T]he rule clearly is intended to protect parties who are served notice by mail from suffering a systematic diminution of their time to respond through the application of Rule 5(b), which provides that service is complete upon mailing, not receipt; the additional three days provided by Rule 6(e) to the party being served represent a reasonable transmission time, and a fair compromise between the harshness of measuring strictly from the date of mailing and the indefiniteness of attempting to measure from the date of receipt, which in many cases would be unverifiable.[3]

■ Appellant clearly was entitled to the three-day extension in this case. Our analysis, however, does not end here. We must additionally determine whether the extra three days are to be added to the original period or whether they are to be treated as a separate period. Although not dispositive here, the importance of this distinction can readily be seen. If, for example, the thirtieth day should fall on a Satur-

---

**3.** It is clear that, in the federal courts, as in Wyoming, the three-day mail extension applies only where the time period for doing an act runs from the time of service of notice. The three-day extension is inapplicable to a direct appeal from the district court where the time is calculated from the date of entry of the judgment, regardless of whether the parties are notified of the decision by mail. *Savage v. Cache Valley Dairy Association,* 737 F.2d 887 (10th Cir.1984); *Lashley v. Ford Motor Company,* 518 F.2d 749 (5th Cir.1975).

In addition, under the federal system, the time period for review of agency decisions is generally controlled by the enabling legislation of the various agencies. Thus, in 4A C. Wright & A. Miller, supra, at 522, it is said:

> As a general rule, the service-by-mail extension provided in Rule 6(e) applies only to civil actions. Thus, the rule has been held not to extend the time permitted for obtaining review of administrative decisions when the decision has been mailed, on the theory that the statutory time elements for review are mandatory and jurisdictional.

See also *Carr v. Veterans Administration,* 522 F.2d 1355 (5th Cir.1975); *Whipp v. Weinberger,* 505 F.2d 800 (6th Cir.1974); and *Lauzon v. Strachan Shipping Company,* 602 F.Supp. 661 (S.D.Tex.), aff'd by 782 F.2d 1217 (5th Cir.1985). In the instant case, however, the time period for an appeal is set by court rule (W.R.A.P. 12.04) rather than statute, so the application of the W.R.A.P. 14.03 mail extension does not operate to extend or limit any statutorily prescribed jurisdiction of the district court. See W.R.C.P. 82. Thus, the general rule applied by the federal courts is inapplicable to the instant case. See *Lincoln v. Board of Commissioners of Tippecanoe County,* 510 N.E.2d 716 (Ind.App.1987).

day, the final day for filing a notice of appeal, by the computation rules, would fall on the following Monday. W.R.A.P. 14.02. Under these circumstances, if the extra three days are added to the original period, the thirty-third day would fall on Tuesday, resulting in a net gain of one day if the notice is provided by mail. If, however, the extra three days are treated as a separate period and computed separately, the initial period would expire on Monday, and the addition of three days would extend the time until Thursday.

This question becomes further complicated when considered in relation to time periods of less than eleven days, in which case all intervening Saturdays, Sundays, and legal holidays are excluded from the count. W.R.A.P. 14.02. As an example, if the original time period is ten days and if the extra three days are added to this period, the period then would exceed ten days, and the intervening weekends and holidays would be included in the count. An inconsistency thus arises. When the original period is ten days and the notice is served personally, the recipient benefits from at least four additional days because of the exclusion of weekends, giving him a total of at least fourteen days. If, however, the notice is given by mail and if the extra three days are added to the original period, the weekends are not excluded, and the recipient may have only thirteen days from the date of mailing in which to respond. This is obviously inconsistent with the purpose of the mailing extension. Wright and Miller advocate treating the two situations differently; i.e., where the original period is less than eleven days, compute the extra mail days separately; and where the original period is eleven days or more, compute the extra days as part of the original period. 4A C. Wright & A. Miller, supra, at 516–21. We view such diverse treatment as only adding further confusion, however, and we therefore hold that the three-day mailing extension should be computed separately from the original period, regardless of the length of the original time period involved. See *Kessler Institute for Reha-*

*bilitation v. National Labor Relations Board,* 669 F.2d 138 (3d Cir.1982).

■ Having examined the rules and interpretive authorities, we return to the facts of this case and apply the rules as ascertained. We have previously determined that appellant's original thirty days in which to file an appeal expired on Monday, November 30, 1987. Appellant was entitled to the extra three days provided by W.R.A.P. 14.03, however, and, pursuant to our holding supra, this period is computed separately from the original period. Consequently, appellant had until Thursday, December 3, 1987, to file his petition for review.[4] Appellant filed his petition on December 2, 1987, and therefore his notice of appeal was timely. It was error for the district court to dismiss the petition on the ground that it was not timely filed.

REVERSED AND REMANDED.

THOMAS, J., filed a specially concurring opinion.

THOMAS, Justice, specially concurring.

I agree with the result in this case because, under any rule of computation, Sellers' notice of appeal was timely filed. In my judgment, this means that the discussion by the majority of whether the three-day period is to be added to the original period or be treated as a separate period is dictum. It is dictum in which I cannot join, however. I believe that, when there is a thirty-day period involved, the three days simply should be added to the original period, making a total of thirty-three days. Conversely, if the period of time involved is ten days or less, I would follow the rule espoused in 4A C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d § 1171 at 516–521 (1987). So long as attorneys know what the rule is, I do not perceive this as structuring undue complexity.

---

4. In this case, even if the additional three days were computed as part of the original time period, appellant's appeal would have been timely. Using this method, the thirty-third day would have fallen on Wednesday, December 2, the day appellant filed his petition for review.