**In The Matter of the Worker's Compensation Claim of Shawn T. WRIGHT, an Employee of Wyoming Analytical Laboratories, Inc.**

**Shawn T. Wright, Appellant (Claimant),**

v.

**State of Wyoming, ex rel., Wyoming Workers' Safety and Compensation Division, Appellee (Respondent).**

No. 98–96.

Supreme Court of Wyoming.

May 4, 1999.

George Santini of Ross, Ross & Santini, L.L.C., Cheyenne, Wyoming, Representing Appellant.

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; Bernard P. Haggerty, Assistant Attorney General, Representing Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

GOLDEN, Justice.

This appeal presents the issue of whether Wyo. Stat. Ann. § 27–14–405(h) permitted the denial of Appellant Shawn T. Wright's application for permanent partial disability benefits when he demonstrated that he was unable to secure full-time employment following a work-related injury. We hold that the statute requires the claimant to prove by a preponderance of the evidence that his work-related injury caused his inability to return to work at a higher or comparable wage. The district court's order affirming the denial of benefits is affirmed.

## ISSUES

Wright presents the following issues on appeal:

1. Did the hearing officer err as a matter of law in denying Appellant's claim for permanent disability benefits pursuant to § 27–14–405(h), W.S.1977 (1994 Repl.)?

---

* Retired November 2, 1998.

2. Does § 27–14–405(h), W.S.1977 (1994 Repl.) deny equal protection of law to injured workers earning minimum wages?

The Division presents these issues for our review:

The Employee's petition for review in the district court was untimely under the current Rules.

A. Should the Court dismiss this appeal?

The Hearing Examiner found the Employee failed to prove his alleged inability to return to work was caused by his injury. The Employee does not challenge this finding on appeal.

B. Should the Court affirm without addressing the legal questions raised by the Employee?

The Hearing Examining applied a provision of the Act requiring employees to prove an inability to return to work at a rate comparable to their pre-injury wage.

C. Did the Hearing Examiner misconstrue the Act or violate the Employee's equal protection rights?

## FACTS

While employed by Wyoming Analytical Laboratories in Laramie, Wyoming, Wright was injured in a work-related accident on February 20, 1995. In his employer's vehicle, stopped at a stop sign, Wright was rear-ended by another vehicle, injuring his neck, back and shoulder. At the time of the accident, Wright was earning $5.00 per hour, averaging six to eight hours per day, five to six days per week. Since the accident, Wright has had limited use of his right arm; however, an independent medical examination determined that Wright's continuing problems were not of a physical origin and other problems were impeding his recovery. A subsequent psychological evaluation confirmed that he was suffering from major depression. The evaluation noted that Wright was not feigning injury, but genuinely believed that he was disabled.

Wright applied for and received workers' compensation benefits and accepted a four percent physical impairment of the whole body. Wyoming Analytical Laboratories ter-minated Wright's employment while he was recovering from his injuries, and Wright contacted numerous employers seeking work at a variety of positions that generally pay minimum wage. The hearing examiner found that Wright made continuous efforts to obtain employment; and eventually, with the assistance of the Department of Vocational Rehabilitation (DVR), Wright found employment as a counter person at an auto parts store. Wright secured the position after working without pay for one week to demonstrate his abilities. The job was part of an on-the-job training program with DVR contributing half of Wright's total hourly rate of $5.00. Wright worked twenty to thirty hours in a two week period. At the time of the hearing, Wright was still employed under the program; however, his employment was scheduled to end on March 31, 1997, because the auto parts store did not intend to continue his employment after DVR's contributions ceased.

Wright applied for a permanent disability award in accordance with Wyo. Stat. Ann. § 27–14–405(h) but that was denied by the Division because it concluded that work at minimum wage would be a comparable wage to the $5.00 per hour he was earning at the time of his injury. Wright requested a hearing and contended that he had not returned to work at a comparable or higher wage than he was earning at the time of his injury because he is not employed on a full-time basis. At the time of his injury, Wright was earning $320.00 every two weeks; at the time of the hearing, he was earning between $90.00 to $140.00 every two weeks. The Division contended that Wright had returned to work at $5.00 per hour and the number of hours actually worked was irrelevant to the question of whether a person has returned to employment at a comparable or higher wage than he was earning at the time of his injury.

The hearing examiner rejected the Division's contention that the same rate of pay proved that Wright had returned to work at a comparable wage, but denied benefits because Wright had failed to show that his injuries had caused his inability to return to work at a comparable or higher wage. After the order issued on February 6, 1997,

Wright's employment was terminated when his employer went out of business. On February 12, 1997, Wright filed a motion for reconsideration and to allow presentation of additional evidence, which was denied on March 3, 1997. On March 12, 1997, Wright petitioned for review to the district court, which affirmed the order denying benefits. This appeal followed.

## DISCUSSION

### Timeliness of Appeal

Wright did not file his petition for review within thirty days after the order denying benefits was entered. The Division contends that under the current W.R.A.P. 14.03, Wright's appeal is untimely and this Court is without jurisdiction. The Division recognizes that Wright's petition for review was filed in a timely manner if our decision in *Sellers v. Employment Security Comm'n,* 760 P.2d 394 (Wyo.1988), applies, but contends that because *Sellers* is overruled in our order adopting a revised version of Rule 14.03, the revised rule should be applied retroactively to this case.

■ Wright filed his petition for review on March 12, 1997; the revision of Rule 14.03 was adopted on June 13, 1997, and was effective sixty days after publication. Generally, court rules apply after their effective date or prospectively unless expressly made retroactive or retrospective. *See Bemis v. Texaco, Inc.,* 400 P.2d 529, 530 (Wyo.1965). Plainly, the revised rule was not effective until after Wright had filed his petition for review. As the Division concedes, under our rules then in effect, the petition for review is timely.

### Standard of Review

Wright presents two questions of law to be reviewed in accordance with Wyo. Stat. Ann. § 16–3–114(c). The relevant portion of the statute states:

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action.... The reviewing court shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;....

Wyo. Stat. Ann. § 16–3–114(c) (Michie 1997).

■ This Court affirms an agency's conclusions of law if correct; if the agency's conclusions of law are incorrect, this Court must correct them. *Tenorio v. State ex rel. Wyoming Workers' Compensation Div.,* 931 P.2d 234, 237 (Wyo.1997) (citing *Martinez v. State ex rel. Wyoming Workers' Compensation Div.,* 917 P.2d 619, 621 (Wyo.1996)).

### Denial of Claim for Permanent Partial Disability

Wright contends that his injury resulted in a disability that, despite a diligent and thorough work search, rendered him incapable of finding any work other than his temporary position subsidized by DVR. He argues that benefits were improperly denied because the hearing examiner improperly construed Wyo. Stat. Ann. § 27–14–405(h) to require an injured worker earning approximately the minimum wage at the time of injury to prove by a preponderance of the evidence an inability to return to any employment whatsoever. He contends that such a construction is not permitted by the statutory language or this Court's recognition of the odd-lot doctrine and is, therefore, not in accordance with the law. The Division contends that the basis of the hearing examiner's decision to deny benefits was its finding that Wright had failed to prove that he was unable to return to work because of his injury.

Wyo. Stat. Ann. § 27–14–405(h) states:

(h) An injured employee awarded permanent partial impairment benefits may apply for a permanent disability award subject to the following terms and conditions:

(i) The injured employee is **because of the injury, unable to return to employ-**

ment at a comparable or higher wage than the wage the employee was earning at the time of injury;

(ii) An application for permanent partial disability is filed not before three (3) months after the date of ascertainable loss or three (3) months before the last scheduled impairment payment, whichever occurs later, but in no event later than one (1) year following the later date; and

(iii) The employee has actively sought suitable work, considering the employee's health, education, training and experience.

Wyo. Stat. Ann. § 27–14–405(h) (Michie 1997) (emphasis added).

 We read unambiguous statutory language to give meaning to each word or phrase and so as not to render any part as superfluous. *Russell v. State ex rel. Wyoming Workers' Safety and Compensation Div.*, 944 P.2d 1151, 1155 (Wyo.1997); *Desotell v. State ex rel. Wyoming Worker's Comp. Div.*, 767 P.2d 998, 1002 (Wyo.1989). Plainly, the statutory language of Wyo. Stat. Ann. § 27–14–405(h)(i) requires that, as a threshold matter, the hearing examiner was required to determine if Wright's failure to return to a comparable wage was the result of his injury or other circumstances. On this issue, the hearing examiner concluded:

Wright has submitted no evidence to support the position that he is **not able** to return to work at a comparable wage. He has been working as a counter person selling auto parts at the same hourly rate he was earning prior to the accident. Wright believes he can perform the duties required at that job. Wright applied for numerous jobs he believed he was qualified to do. Wright's application reflects that these potential employers either were not hiring or would get back to him. There have been no restrictions placed upon Wright by his physicians as far as the number of hours Wright is physically able to work. The functional capacity evaluation shows that Wright is capable of working at minimum wage positions. Minimum wage is 95 percent of Wright's pre-injury wage and is therefore "comparable." The

positions for which Wright applied pay comparable wages. No evidence has been submitted that Wright has been turned away from employment because of the limited use of his right arm.

Our review of the record shows that Wright did not present any evidence that his injury prevented him from returning to full-time employment. A worker's compensation claimant applying for permanent partial disability benefits must prove each essential element of his claim by a preponderance of the evidence. *Tenorio*, 931 P.2d at 238 (citing *Martinez*, 917 P.2d at 621). Without evidence that because of the injury he was unable to return to employment at a comparable or higher wage than the wage he was earning at the time of injury, Wright has failed to prove an essential element of his claim by a preponderance of the evidence.

### *Equal Protection of the Law*

 Again contending that the hearing examiner improperly construed the statute, Wright claims the alleged interpretation treats similarly situated claimants differently in violation of equal protection guarantees. Specifically, he contends the interpretation creates an arbitrary classification of claimants earning minimum wage at the time of their injuries who will be denied benefits. In contrast, he claims that injured workers earning more than the minimum wage will receive permanent disability benefits. As we have just discussed, the hearing examiner did not construe the statute in the manner suggested by Wright. The hearing examiner properly read the statute to require that a claimant show by a preponderance of the evidence that the injury rendered him incapable of returning to work at a higher or comparable wage. Wright does not contend that this construction of the statute violates the equal protection guarantee, and we, therefore, need not address the issue.

### CONCLUSION

The hearing examiner properly concluded that Wright failed to prove that his injury caused his inability to return to work at a higher or comparable wage as required by Wyo. Stat. Ann. § 27–14–405(h)(i) (Michie

1997). We affirm the district court's order affirming the denial of benefits.