**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 26 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PAUL T. ROZEBOOM, individually
and as next friend of Tara Lynn
Rozeboom, his minor daughter, and as
a member of the Class of Male
Participants in Domestic Relations
Dispute in Broken Arrow OK nfr Tara
Lynn Rozeboom,

      Plaintiff-Appellant,

v.

CITY OF BROKEN ARROW; J. R.
STOVER, aka Smokey; RICK
HOLDEN; EZELL WARE; BROKEN
ARROW POLICE DEPARTMENT,
sued as: Booking Officer (12/15/95,
3PM) of Broken Arrow Police Dept.;
PAULA J. SCHAFER,

      Defendants-Appellees.

No. 98-5217
(D.C. No. 97-CV-199)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **McKAY** , and **MURPHY** , Circuit Judges.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Paul T. Rozeboom appeals the grant of summary judgment entered by the district court on his claims brought under 42 U.S.C. §§ 1983, 1985 and 1986, and various state laws. Plaintiff's suit arose from circumstances surrounding his arrest and detention by various officials of the Broken Arrow, Oklahoma, Police Department. "We review the grant or denial of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996) (quotation omitted). After applying this standard, we affirm for substantially the reasons stated by the district court in its thorough and well-reasoned order of September 28, 1998.

In their answer brief to this court, defendants argue that the district court erred in dismissing plaintiff's state law claims without prejudice. Defendants

-2-

contend that, because the claims were time-barred, they should have been dismissed with prejudice. Defendants are attempting to mount a cross-appeal to a portion of the district court's judgment. However, because defendants did not file a timely notice of appeal, we do not have jurisdiction to address this issue. See Savage v. Cache Valley Dairy Ass'n, 737 F.2d 887, 889 (10th Cir. 1984) (holding that "the filing of a timely cross-appeal is mandatory and jurisdictional").

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Michael R. Murphy
Circuit Judge