NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Merrimack
No. 2014-420

DEBORAH HOGAN & a.

v.

PAT'S PEAK SKIING, LLC

Argued: April 9, 2015
Opinion Issued: July 28, 2015

Christopher W. Driscoll, of Gloucester, Massachusetts, by brief and orally, for the plaintiffs.

Devine, Millimet & Branch, P.A., of Manchester (Thomas Quarles, Jr. and Leigh S. Willey on the brief, and Mr. Quarles orally), for the defendant.

HICKS, J. The plaintiffs, Deborah Hogan and Matthew Hogan, appeal the decision of the Superior Court (Smukler, J.) granting the motion to dismiss filed by the defendant, Pat's Peak Skiing, LLC. We reverse and remand.

The following facts are derived from the trial court's order or the record. On February 4, 2012, both plaintiffs fell from a ski chairlift while skiing at the defendant's premises. The plaintiffs were evaluated that day by a member of the defendant's ski patrol and incident reports were completed. Both plaintiffs reported injuries from the fall. On May 3, 2012, the plaintiffs sent notice to the

defendant, by certified return receipt mail, stating that they had retained counsel regarding the February 4, 2012 incident. The letter of notice was dated May 3, 2012, arrived at the Henniker post office on May 5, 2012, and was delivered to the defendant on May 10, 2012.

The plaintiffs filed a complaint against the defendant on December 3, 2013, seeking damages for negligence, recklessness, and loss of consortium. The defendant moved to dismiss the complaint, arguing that the plaintiffs did not provide notice by May 4, 2012 — ninety days from the date of the injury — as required by RSA 225-A:25, IV (2011). The defendant asserted that the plaintiffs failed to comply with the statute because the notice did not arrive until, at the earliest, May 5, 2012, the ninety-first day. In response, the plaintiffs countered that mailing the notice on May 3, 2012, the eighty-ninth day, satisfied the statutory requirement. Alternatively, the plaintiffs contended that they adhered to the notice provision by completing incident reports and giving verbal notice on the day of the incident and also by giving verbal notice on a later visit to the ski area. The trial court granted the defendant's motion to dismiss, concluding that the plaintiffs failed to give proper notice pursuant to RSA 225-A:25, IV. This appeal followed.

The question before us is whether the statutory phrase "shall be notified," as it appears in RSA 225-A:25, IV, is satisfied upon dispatch of notice or upon receipt of notice. RSA 225-A:25, IV provides:

> No action shall be maintained against any operator for injuries to any skier or passenger unless the same is commenced within 2 years from the time of injury provided, however, that as a condition precedent thereof the operator shall be notified by certified return receipt mail within 90 days of said injury. The venue of any action against an operator shall be in the county where the ski area is located and not otherwise.

RSA 225-A:25, IV (emphasis added).

"Statutory interpretation is a question of law, which we review de novo." Appeal of Local Gov't Ctr., 165 N.H. 790, 804 (2014). "In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole." Id. "We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning." Id. "We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include." Id. "We construe all parts of a statute together to effectuate its overall purpose and avoid an absurd or unjust result." Id. "Moreover, we do not consider words and phrases in isolation, but rather within the context of the statute as a whole." Id. "This enables us to better discern the legislature's intent and to

interpret statutory language in light of the policy or purpose sought to be advanced by the statutory scheme." Id. In the event that the statutory language is ambiguous, "we will resolve the ambiguity by determining the legislature's intent in light of legislative history." United States v. Howe, 167 N.H. 143, 148-49 (2014).

The plaintiffs ask that we adopt the common law "mailbox rule" in interpreting the notice provision of RSA 225-A:25, IV. The mailbox rule is one that is traditionally associated with contract law, and provides that acceptances are effective when they are no longer in the control of the sender. See Restatement (Second) of Contracts § 63 (1981). We have applied the doctrine in our contract jurisprudence. See Cushing v. Thomson, 118 N.H. 292, 294 (1978) (noting that a contract becomes complete when the acceptance has been mailed by the offeree, not when the acceptance is received by the offeror). The plaintiffs argue that we should apply the rule to RSA 225-A:25, IV notices. As a result, notice would become effective upon the date of mailing. Under the plaintiffs' construction, therefore, notice was effectively given upon mailing, on May 3, 2012 — eighty-nine days after the date of the injury and within the statutory period.

The defendant, on the other hand, argues that the mailbox rule should not be read into the notice provision of RSA 225-A:25, IV. Instead, the defendant asks us to interpret the provision to require actual receipt of notice. Under the defendant's construction, notice was given, at the earliest, upon its arrival at the Henniker post office on May 5, 2012 — ninety-one days after the date of the injury, and one day after the expiration of the statutory period.

We conclude that both the plaintiffs' and the defendant's proffered constructions are reasonable. Because RSA 225-A:25, IV's language is subject to more than one reasonable interpretation, we would normally resolve the ambiguity by determining the legislature's intent in light of legislative history. See Howe, 167 N.H. at 148-49 (quotation omitted). In this case, however, the legislative history is not helpful.

RSA 225-A:25, IV, originally codified as RSA 225-A:26, II, was enacted in 1965. See Laws 1965, 241:2. The provision was amended in 1978, increasing the notice period from within sixty days of injury to within ninety days of injury, among other changes. See Laws 1978, 13:5. In 2005, the provision was amended a final time in a manner not relevant to this appeal. See Laws 2005, 145:7. There are no committee reports, legislative debates, or other historical documents that shed light on the intentions of the legislature regarding the effectiveness of notice. As a result, a review of the legislative history is unavailing in resolving the ambiguity of RSA 225-A:25, IV.

Without legislative history to guide us, "[w]e construe statutes to address the evil or mischief that the legislature intended to correct or remedy." State v.

3

<u>Costella</u>, 166 N.H. 705, 710 (2014) (quotation omitted). However, this case involves competing policy interests. On the one hand, RSA chapter 225-A was passed to "protect [New Hampshire's] citizens and visitors" from hazards and the unsafe operation of ski areas and to allow those injured from such endangerments to seek compensation. RSA 225-A:1 (2011). On the other hand, the notice requirement allows ski operators to promptly investigate incidents, to evaluate the conditions of their premises and take any necessary remedial measures, and to adequately prepare to defend against claims. In the absence of legislative direction, we cannot determine the principal policy purpose of RSA 225-A:25, IV.

Nonetheless, a decision must be made. <u>Cf.</u> 1 J.M. Perillo, <u>Corbin on Contracts</u>, § 3.24, at 440-41 (rev. ed. 1993) (noting with respect to the mailbox rule, "One of the parties must carry the risk of loss and inconvenience. We need a definite and uniform rule as to this. We can choose either rule; but we must choose one. We can put the risk on either party, but we must not leave it in doubt."). In accordance with the principles of uniformity and certainty, we hold that notice given pursuant to RSA 225-A:25, IV is effective upon mailing. In doing so, we narrowly apply the common law mailbox rule to RSA 225-A:25, IV, in consonance with holdings from other jurisdictions. <u>See</u>, <u>e.g.</u>, <u>Call v. Alexander Coal Co.</u>, 457 N.E.2d 356, 357 (Ohio Ct. App. 1983) ("Where a statute specifies that a person shall be notified by a particular means, such as certified or registered mail, notice is effective when deposited in the mails.").

Our holding favors the party who would be harmed more by a lack of certainty. As in this case, actual receipt a day beyond the 90-day period creates minimal inconvenience for the ski operator, for it hardly affects the ski area's ability to evaluate its premises and investigate the incident in a timely manner. In contrast, under the alternative construction of the statute, the party allegedly injured by the operator's wrongdoing is denied the right to bring suit even when receipt is late due to circumstances beyond that party's control. We elect not to allow such forfeiture. <u>See</u> <u>Opinion of the Justices</u>, 126 N.H. 554, 566-67 (1985).

Furthermore, "it is not to be presumed that the legislature would pass an act leading to an absurd result . . . ." <u>Costella</u>, 166 N.H. at 711 (quotation omitted). Were we to hold that notice under RSA 225-A:25 is effective upon actual receipt, delays caused by a carrier that postpones the delivery of notice, or loss or destruction of notice while in the mail system, would leave plaintiffs without recourse through no fault of their own — an absurd and unfair outcome which our holding avoids.

If the legislature disagrees with our interpretation of RSA 225-A:25, "it is free, subject to constitutional limitations, to amend the statute." <u>State v. Dor</u>, 165 N.H. 198, 205-06 (2013).

Accordingly, having determined that the plaintiffs satisfied the notice provision of RSA 225-A:25, IV by mailing the notice on May 3, 2012, we need not address the plaintiffs' remaining arguments.

Reversed and remanded.

DALIANIS, C.J., and CONBOY, LYNN, and BASSETT, JJ., concurred.