NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

9th Circuit Court-Manchester Family Division
No. 2018-0139

T.P.

v.

B.P.

Argued: September 27, 2018
Opinion Issued: December 21, 2018

Sturm Law, PLLC, of Milford (Sheila J. Sturm on the brief and orally), for the plaintiff.

Smith-Weiss Shepard, P.C., of Nashua (Tanya L. Spony on the brief and orally), for the defendant.

HICKS, J. The plaintiff, T.P., appeals the decision of the Circuit Court (Chabot, J.) denying her motion to extend her domestic violence final order of protection against the defendant, B.P. See RSA 173-B:5, VI (2014). We affirm.

The following facts are derived from the record submitted on appeal. In August 2015, the trial court granted the plaintiff a domestic violence temporary order of protection against the defendant. On December 17, 2015, the trial court issued a final order of protection effective from December 15, 2015, to December 15, 2016.

Almost a year later, the plaintiff timely sought an extension of the final order. On November 11, 2016, the trial court temporarily extended the final order until December 15, 2017. The November 2016 order stated that, if the defendant objected, he was entitled to a hearing and that, "[a]t such hearing, the Court may . . . reaffirm, modify or vacate this extension order." Thereafter, the defendant timely objected and a hearing was held. The trial court subsequently issued a narrative order on January 27, 2017, finding that the plaintiff had "met her burden to establish good cause to support the extension of the Restraining Order for an additional year."

A year later, believing that the restraining order had been extended to January 27, 2018, the plaintiff filed for a five-year extension of the order on January 19. The defendant objected, arguing that the plaintiff "failed to timely file her request for an extension under RSA 173-B" and that she could not "seek extension of a restraining order that [had] expired 35 days prior to her request." The defendant contended that the January 2017 narrative order "simply confirmed the extension until December 15, 2017."

Subsequently, the trial court denied the plaintiff's request for relief, stating:

> Notwithstanding Plaintiff's arguments, the Court interprets "good cause to support the extension" of the 12/15/2016 Order, as synonymous with "reaffirm" the [November 2016 order]. Under the 11/21/2016 Order . . . , the extension was granted to 12/15/2017. Absent definitive statutory language to the contrary, the Court respectfully denies Plaintiff's 1/19/2018 Motion for Extension.

Thereafter, the plaintiff filed a motion to reconsider, which the court denied. This appeal followed.

The central question before us is whether RSA 173-B:5, VI sets forth a deadline by which a plaintiff must file a motion to extend a final order of protection. Statutory interpretation is a question of law, which we review de novo. Hogan v. Pat's Peak Skiing, LLC, 168 N.H. 71, 73 (2015). In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole. Id. We first look to the language of the statute itself, and, if possible, construe the language according to its plain and ordinary meaning. Id. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. Moreover, we do not consider words and phrases in isolation, but rather within the context of the statute as a whole. Id. This enables us to better discern the legislature's intent and to interpret statutory language in light of the policy purpose sought to be advanced by the statutory scheme. Id.

RSA 173-B:5, VI provides, in pertinent part:

> Any order under this section shall be for a fixed period of time not to exceed one year, but may be extended by order of the court upon a motion by the plaintiff, showing good cause, with notice to the defendant, for one year after the expiration of the first order and thereafter each extension may be for up to 5 years, upon the request of the plaintiff and at the discretion of the court.

The plaintiff first argues that her motion for a five-year extension was timely filed because RSA 173-B:5, VI imposes no deadline for filing such a motion. RSA 173-B:5, VI states that a final order of protection "may be extended . . . for one year after the expiration of the first order and thereafter each extension may be for up to 5 years." (Emphasis added.) Here, the trial court issued the final order of protection on December 17, 2015. That order was effective until December 15, 2016. A year later, the trial court extended the final order; by statute, that extension was necessarily for "one year after the expiration of the first order," or until December 15, 2017. By definition, a final order of protection cannot be "extended" if it has "expired." Therefore, for the plaintiff to timely file for a five-year extension, the plain language of the statute mandated that she file by December 15, 2017. Because the plaintiff did not do so, her request was untimely.

In urging a contrary result, the plaintiff argues that we must liberally construe RSA 173-B:5, VI to allow her, a victim of domestic violence, judicial relief. While we are not unsympathetic, we are not at liberty to ignore the statute's plain meaning.

The plaintiff also argues that, by denying her motion for a five-year extension, the trial court failed to "review" the final order of protection and "grant such relief as may be necessary to provide for the safety and well-being of the plaintiff," as required by the statute. RSA 173-B:5, VI. By so arguing, the plaintiff interprets the statutory language in isolation, rather than in context. Read as a whole, RSA 173-B:5, VI does not require a trial court to grant relief to a victim of domestic violence seeking a five-year extension of a final order of protection when the request for an extension was filed after the final order expired.

The plaintiff next argues that she reasonably interpreted the trial court's January 2017 order as extending the final order of protection until January 2018. Even if that were a reasonable interpretation of the trial court's order, by law, the order could not have had such an effect. The trial court could not have lawfully extended its final order of protection beyond the one year allowed by statute.

3

The plaintiff next asserts that, by not holding a hearing to determine if good cause existed to extend the protective order, the court deprived her of her constitutional right to due process. See N.H. CONST. pt. I, art. 15. The plaintiff also contends that the trial court's failure to comply with certain court-adopted protocols deprived her of due process. The plaintiff has not demonstrated that she preserved her due process claims for our review by raising them in the trial court. See Bean v. Red Oak Mgmt., 151 N.H. 248, 250 (2004). Accordingly, we decline to address them. See id.

Affirmed.

LYNN, C.J., and BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.