# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0290, <u>M.N. v. J.N.</u>, the court on October 17, 2022, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, J.N., appeals the order of the Circuit Court (<u>Pendleton</u>, J.) extending a domestic violence final order of protection for the plaintiff, M.N. <u>See</u> RSA 173-B:5, VI (2022). The defendant argues that the trial court erred in extending the protective order because: (1) the request for extension was untimely; (2) the extended protective order exceeded one year in length; and (3) the evidence was insufficient to support the extension. We reverse.

On February 25, 2021, following a February 4, 2021 hearing, the trial court issued a final order of protection. The order stated: "This Order of Protection is in effect from 2/4/2021 to 2/3/2022." On February 8, 2022, the plaintiff filed a motion to clarify the effective dates of the protective order or, in the alternative, for late entry of her request for an extension of the protective order. In her motion, the plaintiff asked the court to clarify whether the protective order remained in effect until February 3, 2022, as stated in the order, or until February 25, 2022, one year after the date the order was issued. The plaintiff moved for late entry of her request for an extension in case the court ruled that the protective order expired on February 3, 2022.

The defendant objected, arguing that the protective order expired on February 3, 2022, and that the plaintiff "seeks to extend an expired Order which no longer exists." On February 28, 2022, the trial court ruled that its February 25, 2021 order was "good for 1 year from date decision was issued." On the same day, the court granted the extension, subject to the defendant's request for a hearing. On March 21, 2022, following a hearing, the court extended the protective order to February 25, 2023.

On appeal, the defendant first argues that the trial court erred in extending the protective order because the plaintiff's request was untimely pursuant to <u>T.P. v. B.P.</u>, 171 N.H. 601 (2018). We agree. As we noted in <u>T.P.</u>, RSA 173-B:5, VI provides that "[a]ny order under this section shall be for a fixed period of time not to exceed one year, but may be extended by order of the court upon a motion by the plaintiff, showing good cause." <u>See</u> <u>T.P.</u>, 171 N.H. at 603. The effective date of the protective order is the date stated in the order, not the date the order was issued. <u>See</u> <u>id</u>. at 603-04. In this case, the protective order explicitly stated that it was effective "from 2/4/2021 to

2/3/2022." Thus, on February 8, 2022, when the plaintiff moved for late entry of her extension request, the protective order had expired. "By definition, a final order of protection cannot be 'extended' if it has 'expired.'" Id. at 604. Moreover, a trial court may not lawfully extend a final order of protection beyond the one year allowed by statute. Id. Thus, the plaintiff could not have lawfully obtained an extension of the protective order because she filed her request after the order had expired. See id.

In light of our decision, we need not address the defendant's remaining arguments. See Antosz v. Allain, 163 N.H. 298, 302 (2012) (declining to address parties' other arguments where holding on one issue is dispositive).

Reversed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**